UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CINCINNATUS PARTNERS I, LP, *et al.*,  :  Case No. 1:11-cv-427
      Plaintiffs,  :  Judge Timothy S. Black
vs.  :
FARM BUREAU PROPERTY & CASUALTY  :
INSURANCE COMPANY, *et al.*,  :
      Defendants.  :

**ORDER GRANTING DEFENDANTS' MOTION IN LIMINE
TO PROHIBIT THE TESTIMONY OF ANDREW SHIFFLETT (Doc. 143)**

This civil action is before the court on Defendants' motion *in limine* to prohibit the testimony of Andrew Shifflett (Doc. 143) and the parties' responsive memoranda (Docs. 155, 158).

**I.  BACKGROUND**

On August 21, 2013, fact discovery ended pursuant to Court Order (Doc. 49).

Almost six months later, on February 3, 2014, Plaintiffs indicated for the first time that they would be calling Andrew Shifflett as a witness to testify at trial. Mr. Shifflett was the former owner of the Shifflett Agency, one of the five rejected agencies as to which Farm Bureau withheld its consent to acquire. Mr. Shifflett had sold the Shifflett Agency to TrueNorth on August 30, **2011**. (Doc. 79 at 13). Plaintiffs' first disclosure of this witness was presented deep within their memorandum in opposition (Doc. 103 at 20) to Farm Bureau's motion to exclude two of Plaintiffs' experts (Doc. 79).

1

On February 4, 2014, Plaintiffs' counsel sent Farm Bureau a letter confirming that they would be calling Mr. Shifflett as a witness at trial. (Doc. 143-1, Ex. 1).

On February 10, 2014, Farm Bureau sent a letter to Plaintiffs' counsel objecting to the designation of Mr. Shifflett as a witness because he "was never identified as a potential witness prior to the end of discovery." (*Id.*, Ex. 2). The fact discovery deadline had come and gone way back on August 21, 2013. (Doc. 49).

On April 25, 2014, Plaintiffs' counsel requested to schedule Mr. Shifflett's videotaped trial testimony/deposition on May 23, 2014 in Cedar Rapids, Iowa, for use at the jury trial which commences June 9, 2014. Farm Bureau objected to the deposition and filed the instant motion.

## II.     ANALYSIS

Farm Bureau maintains that the Court should prohibit the testimony of Andrew Shifflett pursuant to Federal Rule of Civil Procedure 16(f)(1)(c) for failure to comply with the scheduling order. "Many courts sanction parties who attempt to introduce evidence (exhibits or oral testimony) not disclosed pursuant to a pretrial order, by refusing to admit such evidence in its entirety." *Columbia Gas Transmission Corp. v. Zeigler*, 83 Fed. Appx. 26, 31 (6th Cir. 2003).

Farm Bureau argues that the testimony of Andrew Shifflett should be prohibited for two reasons: (1) he was not identified as a witness before the fact discovery deadline; and (2) there is no evidence regarding the sale of the Shifflett Agency in the evidentiary record.

A. Timeliness

**The sale of the Shifflett Agency occurred in August 2011, two years before the discovery deadline in this case**.  However, Plaintiffs apparently did not learn about the sale until the fall of 2013, after the discovery deadline.  Plaintiffs failed to notify Farm Bureau about the sale and instead referenced it for the first time in Dale Myer's October 2013 expert report.  It was not until four months later, on February 4, 2014, that Plaintiffs' counsel notified defense counsel that Mr. Shifflett would be called as a trial witness.  (Doc. 143-1, Ex. 1).

Plaintiffs argue that Mr. Shifflet was timely named as a rebuttal witness.  Specifically, Judge Black's Standing Order states that "[b]oth parties will disclose the names of all other case-in chief witnesses at least thirty days prior to the discovery deadline.  No additional witnesses may be listed in the final Pretrial Order except by permission of the Court.  *Witnesses whose testimony is limited to rebuttal of an opponent's case need not be listed.*" *Id.*, Section III (emphasis added).  However, Plaintiffs do not allege that they relied upon this sentence in withholding disclosure of Mr. Shifflet as a witness; instead, Plaintiffs point to this provision after-the-fact in an effort to whitewash their egregious delay.

Given the procedural posture, the Court finds that Mr. Shifflett was not timely identified.  It is clear that Plaintiffs knew about the sale in October 2013, so Plaintiffs should not have waited until February 2014 to identify Mr. Shifflett as a witness.  Rule 16(f)(1)(C) of the Federal Rules of Civil Procedure provides the proper response.

### B. Prejudice

The prejudice to Farm Bureau if the Court were to permit and thereby endorse Plaintiffs' late disclosure is substantial.  If Plaintiffs would have their way, they would snag a trial deposition less than a month before trial without affording Farm Bureau an opportunity to conduct discovery of the facts and circumstances surrounding the Shifflett sale (which occurred some nine months after Farm Bureau had passed on the opportunity).  If permitted, Shifflet's testimony would present the fundamental unfairness of a significant witness being presented without the adverse party being properly prepared to challenge it via cross-examination and otherwise.  Plaintiffs' lack of diligence should not be rewarded through the admission of evidence and testimony for which the Defendants are not properly prepared.  Plaintiffs' proposed course of conduct is essentially trial by ambush.  On the other hand, the prejudice to Plaintiffs is entirely of their own making.

## II.     CONCLUSION

Accordingly, for these reasons, Defendants' motion *in limine* to prohibit the testimony of Andrew Shifflett (Doc. 143) is **GRANTED**.

**IT IS SO ORDERED**.

Date:  5/12/14                                                                            *s/ Timothy S. Black*
                                                                                                    Timothy S. Black
                                                                                                    United States District Judge